IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RALPH H. JURJENS, III,

<table>
<tr><td></td><td>Plaintiff,</td><td>ORDER</td></tr>
<tr><td>v.</td><td></td><td>20-cv-317-jdp</td></tr>
</table>

JOSEPH NIESL, CYNTHIA KLEINSCHMIDT,
DEAN WOLLSCHLAGER, ELIZABETH RIEDEL,
LAURA GORDON, RICHARD JOHNSON,
and MARGARET KIECA,

Defendants.

Plaintiff Ralph H. Jurjens, III, appearing pro se, is a prisoner currently at New Lisbon Correctional Institution. Jurjens alleges that when he was at Columbia Correctional Institution, staff made him work in a kitchen with a slippery floor that caused him to slip, fall, and suffer injuries; that they failed to honor a "no-work" restriction that had been entered to prevent him from suffering severe pain while working; and that they failed to provide him with proper medical care. Several motions are before the court:

## I. Medical Authorization

Defendant nurse clinician Margaret Kieca[1] has filed a motion to compel Jurjens to sign an authorization to release his medical records, along with a supplement to that motion. (Dkts. 33–34.) Alternatively, Kieca asks for dismissal of the claims against her. Kieca says that she has submitted several proposed authorizations, with Jurjens amending them to limit the scope of authorized records in a way unacceptable to Kieca. Most recently, Jurjens has proposed limiting the authorization to records starting a few months before the September 2016 slip-and-fall, and he crossed out language in the form stating that the records could be shared with other parties involved in the case. (*See* dkt. 34-1.)

---

[1] Both Kieca and the defendants represented by the Wisconsin Department of Justice have submitted materials indicating the correct spelling of their names. *See* dkt. 15 and dkt. 23. I have amended the caption of this order to reflect those spellings and I will direct the clerk of court to update the docket.

This court's consistent position has been that it will not compel a plaintiff to disclose medical or information that he wishes to keep confidential. But such a decision has consequences. Jurjens is the one who has filed a lawsuit about his injury and subsequent medical treatment. Defendants are entitled to review his relevant medical records so that they can prepare a defense; Jurjens cannot put a medical issue in play and then prevent a defendant from examining the relevant medical records. So if Jurjens refuses to release medical information relevant to his claims against Kieca, then she is entitled to have the court dismiss those claims.

Kieca argues that records predating June 2016 have probable relevance to Jurjens's pre-existing condition, his work restrictions, and other issues regarding liability and damages because she is aware that Jurjens previously brought a lawsuit regarding a broken ankle he suffered at the La Crosse County Jail in April 2011. *See Jurjens v. Schmitz*, No. 13-cv-455-jdp (W.D. Wis.). I agree that records regarding this incident and subsequent medical treatment are relevant to the claim against Kieca in this case, so the appropriate time frame for authorization of Jurjens's medical records is from April 2011 to the present.

As for the scope of particular records included in the authorization, the parties dispute whether drug and alcohol treatment records are relevant. Kieca argues that those types of records may be relevant because an inmate's substance abuse problems would limit the types of medication that a nurse could offer an inmate. Jurjens argues in his response[2] that those records are irrelevant to his claims, stating that "no where in the complaint does [he] state the medication was at issue." (Dkt. 39, at 2.)

---

[2] Jurjens has also filed a letter stating that he would like an extension of time to respond to defendant Kieca's reply brief, dkt. 42, and he followed by filing what he calls a "second response" but which is more accurately characterized as a sur-reply, dkt. 44. Sur-replies are disfavored in this court, but given Jurjens's pro se status I will accept that document. In any event, the sur-reply does not alter my analysis of Kieca's motion.

That's news to the court, which has already granted Jurjens leave to proceed on an Eighth Amendment claim that Kieca inadequately treated his complaints of pain by telling him to take medications that he had already been taking and to perform stretches that he had already been doing.  (*See* dkt. 1, at 8 (allegations against Kieca); dkt. 13, at 6 (the portion of the court's screening order discussing Jurjens's claims against Kieca).)  So there's a fork in the road here: Jurjens's drug and alcohol treatment records are relevant if medication decisions are part of his claims in this lawsuit, but they are irrelevant if Jurjens isn't actually making these claims.

Finally, Jurjens takes issue with the authorization stating that his information may be shared with the other parties.  The only other parties are the defendants represented by the Wisconsin Department of Justice.  Jurjens says that those defendants are fully capable of performing their own discovery and they have in fact already agreed to a release of Jurjens's records from June 2016 to the present.  Some of this dispute is mooted by the fact that Jurjens has already agreed to share records with the DOJ-represented defendants.  He hasn't agreed to share the pre-June 2016 records discussed above.  But because those records regarding Jurjens's broken ankle may be relevant to all of his claims in this case, particularly regarding damages, there is no legitimate reason for Jurjens to withhold these records from any of the defendants.

So, I am denying Kieca's motion to compel or to dismiss without prejudice.  As detailed in the order below, I am giving the parties a short time to reach an agreement on the authorization in light of this order.  As part of this, Jurjens must inform Kieca and the court whether he is dropping his claims against Kieca for improperly treating his pain regarding medication and stretches.  Then Kieca should prepare an authorization consistent with Jurjens's response and with the rulings in this opinion.  If Jurjens refuses to sign it, then Kieca may renew her motion to dismiss.

3

## II. Recruitment of Counsel/Motions to Compel

Jurjens has renewed his previously-denied motion for the court's assistance in recruiting counsel.  (Dkts. 38 and 45.)  Jurjens argues that he has limited knowledge of the law and court procedures, and that this case is too complex for him to handle.  Without having seen all of the parties' summary judgment submissions, the court cannot yet determine just how complex the factual,  medical, or legal issues will be.  The court will revisit the issue if summary judgment briefing shows that the assistance of counsel is necessary, but right now, the issues in this case do not appear to be so complex as to require recruitment of counsel.

In Jurjens's first filing he states that he needs counsel in part because the discovery responses from the state defendants were "returned to [him] out-of-order and double numbered." (Dkt. 38, at 1.)  He attaches a copy of the state defendants' discovery responses that indeed appear to be misnumbered, misordered, or missing pages.  (*See* Dkt. 38-2).  I will direct the state defendants to send Jurjens a corrected version of their responses. This is not a reason to recruit counsel for Jurjens.

In both of his motions, Jurjens states that each set of defendants has failed to appropriately respond to his discovery requests by turning over information related to previous slip-and-fall accidents in the kitchen work area, and defendants' disciplinary records.  Jurjens has not filed any motions to compel discovery.  But even if he had, these garden-variety discovery disputes are not a reason to recruit him counsel.  So I will deny his renewed motions for recruitment of counsel without prejudice.

Even if this court deems Jurjens's recruitment-of-counsel motions also to be motions to compel discovery, most of defendants' responses to Jurjens's requests are reasonable. Jurjens wants prison records related to prior slip-and-fall incidents in the CCI kitchen, but the state defendants explain that there is no easy way to search for reports by type of accident and location, and it would be unduly burdensome for defendants to attempt to track those down for the ten-year period Jurjens seeks. This is a reasonable response.

But Jurjens also asks the state defendants whether they were *aware* of prior accidents or injuries in the kitchen. The defendants appear to respond that the request is overly broad, unduly burdensome, and that they cannot provide lists of inmates names for confidentiality reasons. I use the word "appear" because as Jurjens notes, the state defendants' responses seem to be misnumbered or misordered: Jurjens's interrogatory is on page 3 of the attached discovery responses, with the state defendants' response on the following page that is numbered "2" even though it appears to be the fourth page of that document. (*See id.* at 2–3.) If this is the state defendants' actual response to Jurjens's interrogatory, then it is deficient. Jurjens is asking whether defendants are aware of prior accidents. Defendants should be capable of responding to the best of their recollection about past incidents without referring to confidential medical information about the specific injuries suffered by particular inmates. I will give the state defendants a short time to either show cause why they should not have to comply with Jurjens's request or to provide Jurjens with a supplemented answer.

Jurjens also seeks disciplinary records for defendants, but at this point of the proceedings the only purpose those records would serve would be inadmissible prior bad acts evidence under Federal Rule of Evidence 404. At trial, employee disciplinary records might be relevant to

credibility determinations; if this case proceeds past summary judgment, then the court would reconsider the relevance of these documents and if necessary, review them in camera.

### III. Scheduling Matters

The state defendants filed a motion to extend the dispositive motions deadline pending their deposition of Jurjens (dkt. 53), and they followed by deposing Jurjens and filing a summary judgment motion (dkt. 56).  That request for extension will be granted and the court accepts the summary judgment motion.  A briefing schedule on that motion will be set in the order below.

Defendant Kieca has also filed two motions to extend the schedule in light of Jurjens's refusal to sign her proposed medical authorizations, asking for 90 days from a decision on her motions to name experts, depose Jurjens, and file a summary judgment motion.  (Dkts. 48 and 50.)  I will grant those motions in principle but will wait to set new deadlines pending the parties' resolution of the medical authorization issue.  In particular, Jurjens appears to be disavowing any claims about Kieca's actual medical treatment of his injuries and limiting his claim to Kieca's alleged refusal to check the prison computer system that would have told her that Jurjens should have been placed on a work restriction.  If that's the extent of Jurjens's claims against her, Kieca should not need 90 days to accomplish these tasks.  Kieca should renew her request after receiving Jurjens's completed medical authorization.

ORDER

It is ORDERED that:

(1)    Plaintiff Ralph Jurjens's motion for an extension of time to file a
       sur-reply (dkt. 42) is GRANTED. Plaintiff's sur-reply (dkt. 44) is
       accepted.

(2)    Defendant Margaret Kieca's motion to compel release of medical
       records or to dismiss (dkts. 33–34) is DENIED without prejudice.

(3)    Plaintiff may have until October 20, 2021, to inform defendant
       Kieca and the court whether he intends to pursue claims regarding
       Kieca's treatment of his pain with medication and stretches. Kieca
       may have until October 25, 2021, to give plaintiff a final medical-
       record authorization form. Plaintiff may have until November 1,
       2021, to sign and return that form.

(4)    The state defendants may have until October 21, 2021, to send
       plaintiff a corrected copy of their discovery responses.

(5)    Plaintiff's motions for the court's assistance in recruiting him
       counsel (dkts. 38 and 45) are DENIED without prejudice.

(6)    The state defendants may have until October 21, 2021, to respond
       to plaintiffs' motion to compel discovery (dkt. 38) as discussed in
       the opinion above.

(7)    The state defendants' motion for an extension of time to file a
       motion for summary judgment (dkt. 53) is GRANTED.

(8)    Plaintiff may have until November 12, 2021, to respond to the
       state defendants' motion for summary judgment. The state
       defendants may have until November 22, 2021, to file their reply.

(9)    Defendant Kieca's motions for an extension of scheduling
       deadlines (dkts. 48 and 50) are GRANTED.

Entered this 14th day of October, 2021.

                                    BY THE COURT:

                                    /s/
                                    _____
                                    STEPHEN L. CROCKER
                                    Magistrate Judge